UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-cv-154-KKC

CORBY BURUS, PLAINTIFF

V.    **MEMORANDUM OPINION AND ORDER**

THE WELLPOINT COMPANIES, INC.,
 d/b/a ANTHEM BLUE CROSS AND BLUE
 SHIELD, DEFENDANT

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On March 4, 2008, plaintiff Corby Burus, formerly employed by the defendant, filed this action in Fayette Circuit Court (No. 08-CI-1054), alleging that defendant The Wellpoint Companies, Inc., d/b/a Anthem Blue Cross & Blue Shield (hereafter "Wellpoint"), had unlawfully demoted her from the position of "Specialty Sales Manager" to the position of "Specialty Account Manager" and then subsequently unlawfully terminated her employment in November 2006. Plaintiff asserts that in demoting her and then terminating her employment, Wellpoint violated the Americans with Disabilities Act ("ADA"), Kentucky Revised Statute 344, the Age Discrimination in Employment Act of 1975 ("ADEA"), Title VII of the Civil Rights Act of 1964, and the Family and Medical Leave Act ("FMLA"). Plaintiff further asserts that she was wrongfully discharged in violation of the public policy in the Commonwealth of Kentucky, that in terminating her employment, Wellpoint's conduct towards her was intentional or done with reckless disregard for her well-being, that Wellpoint breached her implied contract of employment, and that Wellpoint unlawfully retaliated against her for engaging in a protected activity concerning her reports to Human Resources.

Plaintiff seeks compensatory damages for past and future loss of income, and mental and emotional distress, as well as punitive damages and her attorney's fees.

On March 26, 2008, Wellpoint removed this action from Fayette Circuit Court, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

This matter is before the court on plaintiff's renewed motion to compel discovery from Wellpoint and for sanctions.[1] This motion has been fully briefed and is ripe for review.

## II. PLAINTIFF'S RENEWED MOTION TO COMPEL AND FOR SANCTIONS

As background information, the Magistrate Judge's Order of January 9, 2009, required Wellpoint to supplement some of its responses to plaintiff's discovery requests, *viz.*, Interrogatory Nos. 4, 5, and 6 and certain Requests for Production of Documents. Concerning the document requests, if they had not already been produced, defendants were directed to produce the documents per their response in respect to Document Request Nos. 1 through 10; the documents produced in response to Document Request No. 11 were restricted to those identified in Interrogatory Nos. 5 and 6, as well as others subsequently identified, if any, and Wellpoint was directed to supplement its response to Document Request No. 12.

In support of her renewed motion to compel discovery[2] and for sanctions against Wellpoint, plaintiff asserts that Wellpoint has not fully complied with the court's order requiring it to supplement the foregoing discovery requests. Specifically, plaintiff contends that Wellpoint has not complied with the court's order requiring it to supplement these discovery requests by January 30, 2009, and that as of February 6, 2009, Wellpoint had not fully supplemented its responses to Interrogatory Nos. 4, 5, and 6 and to Document Request Nos. 5, 9, 11, and 12.

In response, Wellpoint objects to plaintiff's renewed motion to compel and for sanctions, contending that with the exception of Document Request No. 5, it has supplemented its responses to all of the discovery requests it was ordered to do by January 30, 2009. As to Document Request No. 5, Wellpoint states that it is still attempting to assemble the information responsive to this

---

[1] Pursuant to numerical paragraph 7 of the district court's Scheduling Order entered herein on May 22, 2008, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #12].

[2] During a telephone conference call on January 7, 2009, the Magistrate Judge verbally advised the parties that plaintiff's initial motion to compel discovery would be granted in part and denied in part, and by Order of January 9, 2009, the Magistrate Judge set out in detail which of the defendant's discovery responses should be supplemented. See DE #27.

request in a format that can be produced to the plaintiff. Document Request No. 5 and Wellpoint's initial response thereto is set out below:

### Document Request No. 5

> **REQUEST NO. 5**: Please provide a copy of all e-mails from 2002 to present which contains any of the following words: "Corby" or "Burus."
>
> **RESPONSE**:
> Defendant objects to Request No. 5 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and the work product doctrine. Defendant further objects to the extent Request No. 5 is vague, ambiguous, overly broad and/or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Subject to and without waiving its objections, and to the extent Defendant understands the Request, Defendant will produce copies of non-privileged documents responsive to this request at a mutually convenient time and place.

The foregoing Document Request was discussed during a telephone conference call with the Magistrate Judge on January 23, 2009, wherein Wellpoint's counsel acknowledged that it had not fully responded to plaintiff's Document Request No. 5 concerning certain e-mails because said request, as stated, involved more than 60,000 e-mails.

To facilitate the production of the e-mails, and, with the idea to make it more manageable, the Magistrate Judge formulated the following list of "search terms" to be employed in searching for relevant e-mails that may be responsive to plaintiff's document request: termination, separation, transfer, reprimand, performance evaluation, poor performance, deficient, failure to perform, timely reports, quotes to/from client, North Carolina trip, warning, demotion, inability to perform. Further, the Magistrate Judge limited the scope of the e-mail search for the period of time from July of 2004 to the present.

In its response to plaintiff's renewed motion to compel, Wellpoint advised that it conducted the court-ordered search, which identified approximately 609 responsive e-mails and that it reported these results to the court on February 2, 2009. Wellpoint also notes that by letter to plaintiff's counsel dated February 4, 2009, it explained that it was "working diligently to review the emails and will produce expeditiously those that are not privileged and that are responsive to your client's request." See Exhibit L to Declaration of Erik S. Rodriguez, attached to Wellpoint's response to plaintiff's renewed motion to compel and for sanctions [DE #36].

Having considered the statements and arguments made in support of and in opposition to plaintiff's renewed motion to compel and for sanctions, the Magistrate Judge concludes that said motion should be denied at this time, as it appears that Wellpoint has supplemented its responses to all of the discovery requests that it was required to supplement, with the exception of Document Request No. 5, and that it is making a good faith effort to complete its supplemental response thereto.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's renewed motion to compel discovery and for the imposition of sanctions against the defendant [DE #31] is **DENIED**.

2. Defendant is directed to complete its supplemental response to Document Request No. 5 on or before April 6, 2009, or alternatively, to report to the court why it has not completed its supplemental response and to explain why it should not be held in contempt for failing to comply with the court's orders.

This 17th day of March, 2009.

Signed By:
*James B. Todd*
United States Magistrate Judge