UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-cv-154-KKC

CORBY BURUS,                                                          PLAINTIFF

V.                          **MEMORANDUM OPINION AND ORDER**

THE WELLPOINT COMPANIES, INC.,
  d/b/a ANTHEM BLUE CROSS AND BLUE
  SHIELD,                                                             DEFENDANT

* * * * * * * * *

## I. INTRODUCTION

On March 4, 2008, plaintiff Corby Burus, formerly employed by the defendant, filed this action in Fayette Circuit Court (No. 08-CI-1054), alleging that defendant The Wellpoint Companies, Inc., d/b/a Anthem Blue Cross & Blue Shield (hereafter "Wellpoint"), had unlawfully demoted her from the position of "Specialty Sales Manager" to the position of "Specialty Account Manager" and then subsequently unlawfully terminated her employment in November 2006.  Plaintiff asserts that in demoting her and then terminating her employment, Wellpoint violated the Americans with Disabilities Act ("ADA"), Kentucky Revised Statute 344, the Age Discrimination in Employment Act of 1975 ("ADEA"), Title VII of the Civil Rights Act of 1964, and the Family and Medical Leave Act ("FMLA").  Plaintiff further asserts that she was wrongfully discharged in violation of the public policy in the Commonwealth of Kentucky, that in terminating her employment, Wellpoint's conduct towards her was intentional or done with reckless disregard for her well-being, that Wellpoint breached her implied contract of employment, and that Wellpoint unlawfully retaliated against her for engaging in a protected activity concerning her reports to Human Resources.

Plaintiff seeks compensatory damages for past and future loss of income, and mental and emotional distress, as well as punitive damages and her attorney's fees.

On March 26, 2008, Wellpoint removed this action from Fayette Circuit Court, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

This matter is before the court on plaintiff's motion to extend the discovery deadline and to clarify the court's recent discovery orders. [DE #44].[1]  Defendant having responded to this motion, it is ripe for review.

## II.    PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE AND TO CLARIFY DISCOVERY ORDERS

### A.    Motion to extend the discovery deadline

As background information, the record reflects that originally, the discovery deadline in this case was December 1, 2008.  See DE #12.  By Order of November 18, 2008, the discovery deadline was extended to January 16, 2009.  See DE #18.  Subsequently, due to problems encountered in discovery, which delayed the completion of discovery beyond the January 16 deadline, on January 8, 2009, a wholesale Amended Scheduling Order was entered herein, extending the discovery deadline to April 15, 2009.  See DE #26.

On April 1, 2009, plaintiff moved for a 60-day extension of the discovery deadline after she had received all of the defendant's responses to her outstanding discovery requests.  As grounds for the requested extension of time, plaintiff states that she still had not received the e-mails that she expected to have already received and that she would need to review the discovery information in order to determine what depositions still needed to be taken.

Defendant Wellpoint objects to plaintiff's motion for a 60-day extension of the discovery deadline, noting that on December 9, 2008, plaintiff noticed the depositions of 17 individuals, that on January 16, 2009, plaintiff took the depositions of four (4) Wellpoint employees in Louisville, Kentucky, and then elected to cancel the remaining scheduled depositions and moved to compel discovery.  Reading between the lines in defendant's argument, defendant argues that plaintiff should have proceeded to take the scheduled depositions rather than filing her motion to compel discovery.

---

[1]    Pursuant to numerical paragraph 7 of the district court's Scheduling Order entered herein on May 22, 2008, all discovery disputes were referred to the Magistrate Judge for resolution.  [DE #12].

2

Defendant further advises that on April 6, 2009, in compliance with the court's prior order, it provided plaintiff with the e-mail discovery that had been the source of a discovery dispute and the subject of the renewed motion to compel discovery. Specifically, defendant advises that it produced to plaintiff on a compact disc copies of nearly 3,000 emails and that this production supplemented its response to Plaintiff's Document Request No. 5. Wellpoint further notes that this April 6 production consisted of all emails to or from Eric Neuville, Kevin Stutler, William Shulte, John Edwards, Brian Yahne and Larry Morrison that contained the words "Corby" or "Burus," plus any of the 13 Court-ordered search terms, and that with that production, it has produced to plaintiff a total of 4,859 documents during discovery in this case.

Defendant further notes that while plaintiff may claim she halted all depositions because she awaited Anthem's supplemental e-mail production and that she could not proceed with thorough depositions until Anthem produced to her all of the supplemental emails, such a claim would be disingenuous because the supplemental e-mail production related solely to her former supervisors and one Human Resources Manager – a total of six deponents (Messrs. Neuville, Stutler, Edwards, Shulte, Yahne and Morrison) out of the original 17 whom she noticed for depositions in December of 2008. Therefore, there would be no justification for plaintiff to refrain from deposing the individuals whose e-mails were not subject to the supplemental production, a total of 15 deponents. Defendant states that it made this point to plaintiff on many occasions and invited her to schedule these depositions, but that she repeatedly declined Anthem's offer and now claims she requires additional time to depose these witnesses when she should have deposed those individuals months ago. In sum, defendant asserts that plaintiff has had ample time to take the noticed depositions, which it has stood ready to defend, and that plaintiff should not be rewarded for her refusal to prosecute her case.

For all of the foregoing reasons, defendant contends that plaintiff's request for an additional 60 days of discovery should be denied because it constitutes an abuse of the discovery process in this case. *See Mallory v. Noble Correctional Inst., et al.*, No. 01-3302, 2002 U.S. App. LEXIS

3

18359 (6th Cir. 2002); *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106 (6th Cir. 2001); *Ginett v. Federal Express Corp.*, No. 97-5481, 1998 U.S. App. LEXIS 27659 (6th Cir. 1998); *Plott v. General Motors*, 71 F.3d 1190 (6th Cir. 1995).

The Magistrate Judge agrees with the defendant that a 60-day extension of time, beginning from April 6, 2009, when defendant supplemented its response to Document Request No. 5 by providing plaintiff with the copies of e-mails noted above, is unwarranted. However, since plaintiff did not receive this supplemental discovery response until April 6 and since the discovery deadline expired on April 15, out of an abundance of caution to plaintiff's rights, the Magistrate Judge concludes that a brief extension of the discovery deadline is necessary due to the insufficient time between April 6 and April 15 to review the supplemental discovery and to determine what depositions, if any, should be taken. The discovery deadline will be extended to May 15, 2009.

**A.     Motion to clarify discovery orders**

Given the course this discovery dispute has taken and the various orders entered in an effort to resolve this discovery dispute, plaintiff has requested clarification concerning the following points:

**1.     The e-mail production**

It is unclear to the plaintiff whether the defendant is being required to produce all of the e-mails as the court originally ordered, limited to just her supervisors as offered by the defendant its November 2008 e-mail or whether the defendant is being required to produce the e-mails that were generated using the search terms offered by the court.

In response, defendant asserts that the court's prior orders require no clarification.

To clarify, the defendant is required to supplement its discovery response concerning Document Request No. 5 by producing only the 609 e-mails that were generated by using the search terms offered by the court.

4

**2.      The completeness of the defendant's discovery responses**

It is unclear to the plaintiff how the court determined that the only discovery request which Wellpoint needed to supplement was its response to Document Request No. 5 concerning the e-mail production.

In responding to plaintiff's renewed motion to compel discovery and for sanctions, defendant stated that it had supplemented its discovery responses to all of the discovery requests in dispute that it was ordered to supplement by January 30, 2009, except for the e-mail production requested by Document Request No. 5.  See DE #36, pp. 1-2.  Plaintiff did not question this statement or challenge it as being inaccurate.  Therefore, based on defendant's representation as to the status of its supplemental discovery responses and plaintiff's failure to dispute that representation as being untruthful or inaccurate, the Magistrate Judge concluded that Document Request No. 5 was the only discovery request that still needed to be supplemented.

**3.      The Order of March 23, 2009**

Plaintiff questions whether the Order of March 23, 2009, should be interpreted as the court reversing its original ruling that plaintiff's requests are relevant and that she is entitled to complete responses to those requests.

As explained in the Order of March 23, 2009, during the course of the telephone conference call on January 7, 2009, the Magistrate Judge verbally advised the parties that plaintiff's original motion to compel would be granted in part and denied in part, and then the Magistrate Judge proceeded to inform the parties verbally of those portions of the motion to compel that were being granted.  However, a written order was not entered at that time to formally rule on this motion to compel.  In the absence of a written order, the Clerk of the Court was not authorized to terminate this motion to compel as a pending motion, even though the parties had been verbally advised of the court's ruling on that motion.

Prior to the entry of a written order concerning the motion to compel, plaintiff renewed her motion to compel and also moved for sanctions at that time.  As explained in the Order of March

23, 2009, the ruling on plaintiff's *renewed* motion to compel discovery necessarily subsumed plaintiff's original motion to compel discovery; however, since the Order ruling on the renewed motion to compel discovery did not expressly state that it also incorporated plaintiff's original motion to compel discovery, plaintiff's original motion to compel discovery remained identified by the Clerk of the Court as a pending motion, even though it had been resolved.  Thus, the Order of March 23, 2009, was entered merely as a housekeeping matter to authorize the Clerk of the Court to terminate that motion as a pending motion.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to extend the discovery deadline [DE #44] is **GRANTED**, but only to the extent that the discovery deadline is extended to May 15, 2009.

2. The dispositive motion deadline is extended to June 15, 2009.

3. Plaintiff's motion to clarify the court's recent discovery orders [DE #44] is **GRANTED** to the extent of the foregoing explanation as contained above herein.

This 23rd day of April, 2009.

Signed By:

**James B. Todd**

**United States Magistrate Judge**